**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 19-cr-86-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

  2.  BRAINARD CLARK,

    Defendant.

---

**Unopposed Motion for Order Allowing Mr. Clark to Return to the Colorado Department of Corrections Pending Resolution of 10-cr-0086-REB**

---

Peter Hedeen, of the Law Office of Peter Hedeen LLC, on behalf of the Defendant, Brainard Clark, requests the Court enter an order allowing Mr. Clark to return to the Colorado Department of Corrections Pending the resolution of the above-captioned case and as grounds states the following:

1. An indictment in the above captioned case was filed with the Court on November 21, 2019 charging Mr. Clark with five counts of burglary in violation of 18 U.S.C. § 2118 (b)(1) and 18 U.S.C. § 2.

2. Subsequent to these charges, on December 12, 2019, Mr. Clark was sentenced in the 10th Judicial District, State of Colorado (El Paso County) court in numerous cases. Resolution of these cases resulted in a sentence of 13 years in the Colorado Department of Corrections. His place of incarceration was designated as the Crowley County Correctional Facility, (hereinafter "CCCF").

3. Colorado's sentencing scheme allows the granting of earned time—deducting up to 10 days for each month of incarceration from an inmate's sentence. Colo. Rev. Stat. §17-22.5-405(1). The deduction is not automatically provided but only allowed upon a showing, as certified by the inmate's case manager, that he has made consistent progress in the following categories, as defined by statute;

> a. Work and training, including attendance, promptness, performance, cooperation, care of materials, and safety;
>
> b. Group living, including housekeeping, personal hygiene, cooperation, social adjustment and double bunking;
>
> c. Participation in counseling sessions and involvement in self-help groups;
>
> d. Progress toward the goals and programs established by the Colorado diagnostic program;
>
> e. *Non-applicable*
>
> f. The offender has not harassed the victim either verbally or in writing;
>
> g. The inmate has made positive progress, in accordance with performance standards established by the department, in the literacy corrections program or the correctional education program established pursuant to article 32 of this title.

Colo.Rev.Stat. §17-22.5-405(1)(a-g).

4. On January 14, 2020, a Motion for Writ of Habeas Corpus Ad Prosequendum was filed by A.U.S.A. Jason R. Dunn requesting Mr. Clark be brought before a United States District Court Judge for an initial appearance and be held until

final disposition of his case. (ECF #75). Magistrate Judge Crews signed the order on January 14, 2020. (ECF #77)

5. An Arraignment Discovery and Detention Hearing was held on January 28, 2020. Defendant was arraigned, plead not guilty and a non-contested order of detention entered.

6. Mr. Clark requests this Court amend the order entered by Magistrate Judge Crews and allow for his return to CCCF pending the outcome in this federal criminal prosecution. This request is pursuant to 18 U.S.C §3145 (b).

7. Despite the deference appropriately paid to the United States Marshall Service when dealing with the transportation and detention of inmates, the failure to allow Mr. Clark to return to the Colorado Department of Corrections has a significant impact on his liberty interests. All of the above listed categories, considered when deciding whether to grant earned time against his state sentence, are compromised while away from the facility. The tension between Mr. Clark's desire to effectively address the federal criminal charges in a reasoned and deliberate fashion with the loss of earned time, unnecessarily extending his period of confinement on the state sentence, can be resolved by allowing him to return to CCCF. Particular attention will be paid to the efficient resolution of Mr. Clark's case so as not to require unproductive settings necessitating travel arrangements.

8. A.U.S.A. St. Julien has been consulted regarding this request and has no objection to it being granted.

WHEREFORE, it is requested that the order granting the government's Writ of Habeas Corpus Ad Prosequendum be amended to allow for Mr. Clark's return to the Colorado Department of Corrections when not required to attend hearings in the Federal District Court.

Dated this Friday, February 14, 2020.

                                        Respectfully submitted,

                                        __S/Peter Hedeen___
                                        Peter Hedeen
                                        2373 Central Park Blvd.
                                        Suite 100
                                        Denver, CO 80238
                                        720-979-0927
                                        303-803-1501  Fax

## CERTIFICATE OF MAILING

I hereby certify that on Friday, February 14, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's ECF system which will send notification of such filing to all counsel of record and the following e-mail address:

Jason St. Julien, Assistant United States Attorney
jason.st.julien@usdoj.gov

And, I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Brainard Clark (via hand delivery)

        __S/Peter Hedeen___
        Peter Hedeen
        2373 Central Park Blvd.
        Suite 100
        Denver, CO 80238
        720-979-0927
        303-803-1501  Fax