**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO. 19-cr-86-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    2.  BRAINARD CLARK,

    Defendant.

---

**DEFENDANT BRAINARD CLARKS' UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND FINDING OF EXCLUDABLE TIME PURSUANT TO 18 U.S.C. §3161(h)(7)(A)**

---

The Defendant, Brainard Clark, by and through CJA counsel, Peter Hedeen, moves this Honorable Court for a second exclusion of 90 days from the speedy trial calculation, pursuant to 18 USC section 3161 (h)(7)(A) and (B). See *Bloate v. United States*, 130 S.Ct. 1345 (2010); *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. West,* 828 F.2d 1468 (10th Cir.1987). The Government has no objection to this request. Defendant Damien Lewis has no objection to this request. The relief requested outweighs the interest of the public, the Government, and the defendants in a speedy trial. The relief requested serves the ends of justice by allowing for effective preparation for the reasons stated below. In support of this motion, Mr. Clark states as follows:

## I. PROCEDURAL BACKGROUND

1.      An indictment in the above-captioned case was filed with the Court on November 21, 2019 charging Mr. Clark with five counts of burglary in violation of 18 U.S.C. § 2118 (b)(1) and 18 U.S.C. § 2.

2.      Subsequent to these charges, on December 12, 2019, Mr. Clark was sentenced in the 10th Judicial District, State of Colorado (El Paso County) court in numerous cases. Resolution of these cases resulted in a sentence of 13 years in the Colorado Department of Corrections.

3.      On February 18, 2020, this Honorable Court granted Defendant Damien Lewis' Motion for an Ends of Justice Continuance (ECF # 94) and excluded time from the speedy trial calculation until July 1, 2020.

4.      On June 18, 2020, this Honorable Court ordered that any party seeking an additional Ends of Justice Continuance and further extension of excludable time should file such motion on or before June 29, 2020.

## II. AUTHORITY

5.      In the context of addressing trial continuances, the Tenth Circuit has set forth four factors that the court should consider. *See West,* 828 F. 2d at 1470. Those factors are: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

6. Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

7. Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
. . . .
(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel,or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.
See 18 U.S.C.§1361(h)(7)(B)(Westlaw 2016). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10thCir. 2009).

8. The decision to grant an "Ends of Justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10thCir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate*, 130 S. Ct. 1345 (2010).

### III. ARGUMENT

9. The ends of justice are best served by excluding an additional 90 days from the speedy trial calculations thereby allowing Mr. Clarks' counsel to adequately prepare for pretrial and trial.

10. Mr. Clark is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. 3161(h)(7)(B)(iv).

11. The Government has disclosed all relevant Discovery to Mr. Clark. This disclosure includes over 1000 pages of written materials and spreadsheet documents including numerous pages relating to search warrants and records documenting numerous telephone calls. In addition there are at least 29 separate surveillance videos in discovery. Undersigned Counsel has been diligently reviewing and analyzing these materials since there disclosure. At this time Undersigned Counsel can inform the Court that numerous hours are needed to review and evaluate discovery, research and prepare for motions, conduct adequate investigation, and prepare exhibits, materials, questions and arguments for trial.

12. In addition, the related Colorado state court convictions require review and investigation insofar as they are relevant factually to this federal indictment, as well as the sentence handed down in those cases and their impact on this prosecution. Undersigned Counsel has likewise been researching and reviewing court records and

other information relating to these convictions.

13. Complicating all of Undersigned Counsels' diligent efforts to prepare for Mr. Clark's defense is the Coronavirus pandemic which struck shortly after the court excluded time under the speedy trial calculation on February 18, 2020. Specifically, Undersigned Counsel has been severely limited in his ability to meet with Mr. Clark to review, discuss, and prepare materials and motions in this case and to discuss a potential resolution of this case. As the Court is aware, Mr. Clark is being held at the Douglas County Jail. Due to the pandemic, visitation has been limited to 30 minute video conferencing which does not easily facilitate the review of documents and the lengthy discussion needed in the preparation of Mr. Clark's defense and to discuss plea negotiations and the implications of a guilty plea.

14. The Coronavirus pandemic has also greatly inhibited Undersigned Counsels' ability to obtain and review documents related to this case, investigate the circumstances of the alleged offenses, and to negotiate a potential resolution of this case.

15. Undersigned Counsel will continue to diligently pursue the defense of this case. However, the nature and facts of the case, including but not limited to the amount of discovery and the investigation and consultation required to be done once discovery is complete, are such that no amount of diligent work can ensure effective assistance of counsel prior to the potential motions deadline and trial date as contemplated by the current speedy trial time-frame.

16. Undersigned Counsel spoke to Mr. Clark and he does not object to a further exclusion of 90 days from the speedy trial deadline in order to ensure that his counsel

has sufficient time to prepare the case for motions and trial.

17. Undersigned Counsel has been in contact with Assistant United States Attorney Jason St. Julian, and he has no objection to the requested continuance.

18. Undersigned counsel contacted defense counsel for the other remaining defendant Damien Lewis, Mr. David Kaplan, and he has no objection to the requested continuance;

19. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Mr. Clark requests that this Court vacate the current motions hearing and continue the trial for ninety (90) days. There is little or no inconvenience to any of the other parties and there is a need for additional time for Undersigned Counsel to prepare for motions and trial. Failure to grant sufficient time for counsel acting with due diligence to perform the tasks set forth above would likely result in a miscarriage of justice.

20. Undersigned counsel believes that the extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for trial.

21. Based on the foregoing, and consistent with *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), Mr. Clark respectfully requests the Court to: 1) exclude an additional 90 day period from the speedy trial calculation; and 2) set the case for a status conference and further proceedings, or order the parties to contact Court Chambers, in order to set a status conference and a hearing on motions and trial.

Dated this Friday, June 26 2020.

                                             Respectfully submitted,

                                             __S/Peter Hedeen___
                                             Peter Hedeen
                                             2373 Central Park Blvd.
                                             Suite 100
                                             Denver, CO 80238
                                             720-979-0927
                                             303-803-1501  Fax

## CERTIFICATE OF MAILING

      I hereby certify that on Friday, June 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the court's ECF system which will send notification of such filing to all counsel of record and the following e-mail address:

Jason St. Julien, Assistant United States Attorney
[jason.st.julien@usdoj.gov](mailto:jason.st.julien@usdoj.gov)

And, I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Brainard Clark (via US Mail)

                                          \_\_S/Peter Hedeen\_\_\_
                                          Peter Hedeen
                                            2373 Central Park Blvd.
                                            Suite 100
                                            Denver, CO 80238
                                            720-979-0927
                                            303-803-1501  Fax