**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 19-cr-00086-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAMIEN LEWIS, and
2. BRAINARD CLARK,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTIONS TO
EXCLUDE ADDITIONAL TIME UNDER THE SPEEDY TRIAL ACT**

**Blackburn, J.**

The matters before me are (1) **Defendant Brainard Clark's Second Unopposed Motion for Ends of Justice Continuance and Finding of Excludable Time Pursuant to 18 U.S.C. §3161(h)(7)(A)** [#133][1], filed September 24, 2020; and (2) the **Unopposed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. 3161(7)(A)**[2] [#134], filed September 24, 2020, by defendant, Damien Lewis. Having considered carefully the motions, the record, and the apposite law, I grant the motions.

Pursuant to my order [#121], filed July 8, 2020, speedy trial was tolled through September 29, 2020. No trial is set. Both defendants seek the exclusion of approximately 90 additional days from the speedy trial deadline imposed by the Speedy

---

[1] "[#133]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] An apparent reference to § 3161(h)(7)(A).

Trial Act of 1974. Exclusion of an additional 90 days for speedy trial would implicate commencement of trial by approximately December 28, 2020.[3]

The motions implicate the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 (the "Act"). Specifically, the motions implicate 18 U.S.C. § 3161(h), which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> 
> . . . .
> 
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." ***United States v. Hill***, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); ***United States v. Lugo***, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the seventy-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***Hill***,

---

[3] Ninety days from September 29, 2020, through which speedy trial is tolled by my order [#121].

197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

For a continuance to qualify as an excludable "ends-of-justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. First, I must consider the quadripartite factors in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

The motions describe in reasonable detail the various factors and circumstances

necessitating the exclusion of the time requested in this case.  Both defendants note the myriad ways in which the COVID-19 health crisis currently afflicting the United States, the State of Colorado, and the District of Colorado has impeded their abilities to prepare the case for trial.  The problems summarized in the motions impair substantially defendants' ability to prepare effectively for trial.  These include, but are not necessarily limited to, interviewing witnesses (including defendants), obtaining and reviewing relevant documents, investigating the case, and (to a somewhat lesser, but still relevant extent) negotiating with the government.  In addition, both defendants are serving criminal sentences in state court, the impact of which must be investigated and assessed.  I adopt and incorporate the facts and circumstances summarized in the motions as my findings of fact.

As always, I rely on the considerable professional experience and judgment of counsel.  Additionally, I am sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in **United States v. Williams**, 511 F.3d 1044 (10th Cir. 2007); **United States v. Toombs**, 574 F.3d 1262 (10th Cir. 2009); **United States v. Larson**, 627 F.3d 1198 (10th Cir. 2010); **United States v. Loughrin**, 2013 WL 856577 (10th Cir. 2013); **United States  v. Watson**, 766 F.3d 1219 (10th Cir. 2014); **United States  v. Margheim**, 2014 WL 5462332 (10th Cir. 2014);  **Bloate v. United States**, 599 U.S. 130, 130 S.Ct. 1345, 176 L.Ed.2d 54 (2010); and **United States v. Tinklenberg**, 563 U.S. 647, 131 S.Ct. 2007, 179 L.Ed.2d 1080 (2011).

Based on the relevant record considered as a whole, I find it would be unreasonable to expect adequate preparation by counsel for the defendants, despite due diligence, for pretrial or trial proceedings within the time allowed under 18 U.S.C. § 3161(c), even as extended my previous order [#105].  I have considered the factors

4

which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).  As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.  Accordingly, I conclude as follows:

(1)  That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c), even as extended by my previous order, would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That the issues raised by and inherent to COVID-19 and their concomitant adverse impact on prosecuting, defending, and trying criminal cases render the case unusual and complex within the meaning of § 3161(h)(7)(B)(ii), warranting and necessitating the exclusion of the additional time now under consideration;

(3) That the factor at § 3161(h)(7)(B)(iii) is inapposite, obviating the necessity for further judicial analysis;

(4)  That even considering due diligence, failure to grant the motions would deny counsel for defendants the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(5)  That within the meaning of 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the motion outweighs the best interests of the public and defendants in a speedy trial as defined by 18 U.S.C. § 3161(c)(1), even as extended by the previous order of this court;

(6)  That for now the time from and including September 29, 2020, through and including December 28, 2020, should be excluded from the computation of the time for speedy trial; and

(7) That by separate order the court will schedule a status conference before December 28, 2020; and may schedule the deadlines for filing pretrial motions and

corresponding responses, the deadlines for disclosing information about expert witnesses, a trial, and a trial preparation conference.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Brainard Clark's Unopposed Motion for Ends of Justice Continuance and Finding of Excludable Time Pursuant to 18 U.S.C. §3161(h)(7)(A)** [#133], filed September 24, 2020, is granted;

2. That the **Unopposed Motion for an Ends of Justice Continuance Pursuant to 18 U.S.C. 3161(7)(A)** [#134], filed September 24, 2020, by defendant, Damien Lewis, is granted;

3. That the time from and including September 29, 2020, through and including December 28, 2020, shall be excluded from the computation of speedy trial under 18 U.S.C. § 3161(c);

4. That by separate order(s) the court will schedule a status conference before December 28, 2020; and may schedule the deadlines for filing pretrial motions and corresponding responses, the deadlines for disclosing information about expert witnesses, a trial, and a trial preparation conference; and

5. That the defendants shall remain in pretrial detention.

Dated November 9, 2020, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge