IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.:  19-cr-00086-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  **BRAINARD CLARK**;
2.  DAMIEN LEWIS; and,
3.  DAVID WINSTON.

    Defendants.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR FURLOUGH TO ATTEND GRANDMOTHER'S FUNERAL PURSUANT TO 28 C.F.R. § 551.109 AND 18 U.S.C. § 3142 [ECF No. 154]**

---

The United States of America responds to the defendant's motion [ECF No. 154].

The Court should deny the motion, to the extent the defendant seeks release with a United States Marshals escort, because:  (1) the defendant is currently serving at least four Colorado state court sentences; (2) the United States Marshals object to escorting the defendant; and, (3) transporting the defendant to and from Douglas County Jail, for a non-court appearance, presents a COVID-19 risk.

The Government does not object to the defendant viewing the funeral via live-stream from Douglas County Jail.

## BACKGROUND

On November 21, 2019, a federal Grand Jury returned a Superseding Indictment [ECF No. 44] charging the defendant, Brainard Clark, with five counts of pharmacy

1

burglary, in violation of 18 U.S.C. §§ 2118(b)(1), 2118(d), and 2.  On January 19, 2021, Clark filed a Notice Of Disposition. *See* ECF No. 152.  A Change of Plea Hearing is not yet set.

On January 20, 2021, Clark filed the instant Motion For Furlough To Attend Grandmother's Funeral Pursuant to 28 C.F.R. § 551.109 And 18 U.S.C. § 3142 [ECF No. 154].  Clark requests permission to either:  (1) personally attend his grandmother's funeral, escorted by United States Marshals, on January 23, 2021; or, (2) view the funeral via live-stream from Douglas County Jail.

For the reasons stated below, the Court should deny Clark's motion as to temporary release and grant the motion as to viewing a live-stream.

**ANALYSIS**

Clark did not contest detention. *See* ECF No. 87.  Rightfully so.  He is currently serving at least four Colorado state court sentences while in federal custody:  (1) conspiracy to commit felony menacing – real/simulated weapon (El Paso County District Court case no. 2015CR2618 / sentenced to eight years imprisonment on January 7, 2019); (2) conspiracy to commit robbery (El Paso County District Court case no. 2018CR6823 / sentenced to four years imprisonment on December 12, 2019); (3) possession of marijuana concentrate with intent 2.5 – 5 pounds (El Paso County District Court case no. 2018CR6804 / sentenced to five years imprisonment on December 12, 2019); and, (4) possession with intent to distribute a Schedule 1/2 controlled substance (El Paso County District Court case no. 2018CR7431 / sentenced to four years

imprisonment on December 12, 2019).[1]  Thus, *assuming arguendo*, that this Court temporarily released Clark, he would then have to seek release from El Paso County District Court(s) and/or the Colorado Department of Corrections in order to attend the funeral.

Notwithstanding the above-mentioned procedural hurdle, Clark, at age 26, is in criminal history category V[2] (12 criminal history points / second highest criminal history category) due to his prior convictions:

- *Conspiracy to commit burglary 2 – of building*
    - El Paso County District Court case no. 2015CR132;
    - Sentenced to three years imprisonment on January 7, 2019;
    - Three criminal history points pursuant to UNITED STATES SENTENCING GUIDELINES ("U.S.S.G.") § 4A1.1(a);
- *Conspiracy to commit felony menacing – real/simulated weapon*
    - El Paso County District Court case no. 2015CR2618;
    - Sentenced to eight years imprisonment on January 7, 2019;
    - Three criminal history points pursuant to U.S.S.G. § 4A1.1(a);
- *Conspiracy to commit robbery*
    - El Paso County District Court case no. 2018CR6823;

---

[1] Clark is also possibly serving a state court sentence for conspiracy to commit burglary 2 – of a building (El Paso County District Court case no. 2015CR132 / sentenced to three years imprisonment on January 7, 2019).

[2] Clark would be in criminal history category VI (highest category) but for the fact that the guidelines preclude his 2019 marijuana conviction from amassing criminal history points because:  (1) law enforcement officers arrested him on the same day for his 2019 robbery conviction; and, (2) the court sentenced him on the same day for both the 2019 marijuana and robbery convictions, *i.e.*, December 12, 2019).  *See* U.S.S.G. § 4A1.2(a)(2).

- o   Sentenced to four years imprisonment on December 12, 2019;

- o   Three criminal history points pursuant to U.S.S.G. § 4A1.1(a);

- *Possession with intent to distribute a Schedule 1/2 controlled substance*

  - o   El Paso County District Court case no. 2018CR7431;

  - o   Sentenced to four years imprisonment on December 12, 2019; and,

  - o   Three criminal history points pursuant to U.S.S.G. § 4A1.1(a).

It is important to note that Clark's 2019 robbery and felony menacing convictions would be crimes of violence under U.S.S.G. § 4B1.2(a)(1) had Clark been convicted of the substantive offenses rather than *conspiracy* to commit them.[3] *See United States v. Crump*, 674 Fed. Appx. 802, 803 (10th Cir. 2017) (unpublished) (Colorado robbery is a crime of violence); *United States v. Armijo*, 651 F.3d 1226, 1233 (10th Cir. 2011) (Colorado felony menacing is a crime of violence).

The Government conferred with United States Deputy Marshal Fleck prior to filing this response.  The United States Marshals oppose Clark's request.  Escorting Clark to and from the funeral would cost approximately $5,000 (of which Clark would have to reimburse the Marshals).  Further, the Marshals are currently reducing the number of individuals transported to and from the Courthouse due to a spike in COVID-19 cases.  Escorting Clark to a funeral would require all involved Marshal personnel to quarantine for a sufficient period of time after the transport in order to ensure public and

---

[3] This would not affect Clark's guideline range because the pharmacy burglary guideline, *i.e.*, U.S.S.G. § 2B2.1, does not take into account prior convictions.  That said, it is noteworthy to point out the seriousness of Clark's prior convictions.

individual safety.  Such quarantine would negatively affect the Marshals' ability to provide courthouse security and operational continuity.

Upon information and belief, Clark is detained at Douglas County Jail. Transporting Clark to and from the facility, for a non-court appearance, will undoubtedly result in quarantine time upon his return and presents a risk of introducing COVID-19 into the facility.

## CONCLUSION

The Government is not unsympathetic to Clark's request.  Given his history, current state court sentences, and COVID-19, the Court should deny Clark's motion as to release with a supervised United States Marshal escort.

The Government does not object to Clark viewing the funeral via live-stream from Douglas County Jail.

Dated:  January 21, 2021.

                                          Respectfully submitted,

                                        JASON R. DUNN
                                        United States Attorney

By:    /s/ *Jason St. Julien*
       JASON ST. JULIEN
       Assistant United States Attorney
       1801 California St., Suite 1600
       Denver, Colorado 80202
       Phone:  (303) 454-0100
       Fax:  (303) 454-0405
       E-mail:  Jason.St.Julien@usdoj.gov
       Attorney for the United States

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the 21st day of January 2021, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR FURLOUGH TO ATTEND GRANDMOTHER'S FUNERAL PURSUANT TO 28 C.F.R. § 551.109 AND 18 U.S.C. § 3142 [ECF No. 154]** with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following individuals:

  **Peter K. Hedeen**
  Email:  hedeenlaw@gmail.com

                /s/ *Jason St. Julien*
                JASON ST. JULIEN
                Assistant United States Attorney
                1801 California St., Suite 1600
                Denver, Colorado 80202
                Phone:  (303) 454-0100
                Fax:  (303) 454-0405
                E-mail:  Jason.St.Julien@usdoj.gov
                Attorney for the United States