IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00086-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    BRAINARD CLARK,

    Defendant.

_____

**ORDER PERMITTING VIRTUAL ATTENDANCE ONLY**
_____

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendant's Motion for Furlough to Attend Grandmothers' [sic] Funeral Pursuant to 28 C.F.R. § 551.109 and 18 U.S.C. § 3142 ("Motion for Furlough" or "Motion"), filed by Defendant Brainard Clark ("Defendant" or "Mr. Clark") on January 22, 2021, [#154], and referred to this Magistrate Judge pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated January 20, 2021, [#155]. This court ordered, and the United States of America ("United States" or "Government") filed, a response no later than January 21, 2021. *See* [#156; #157]. Upon consideration of the Parties' respective arguments, the applicable case law, and the entire docket, this court respectfully **DENIES IN PART** the Motion for Furlough insofar as Defendant requests to be released to attend his grandmother's funeral in person but **GRANTS IN PART** the Motion insofar as it seeks permission from the court to attend the funeral via live stream.

**BACKGROUND**

    On November 21, 2019, a grand jury for the District of Colorado charged Defendant by

Superseding Indictment on five counts for: (1) conspiracy to commit pharmacy burglary and (2) pharmacy burglary arising from alleged burglaries of various pharmacies to steal controlled substances, including opiates such as hydrocodone and oxycodone. [#44]. Defendant, who was confined at the time at Crowley County Correctional Facility, appeared before the court on a Writ of Habeas Corpus ad Prosequendum. *See* [#80; #83]. Because Mr. Clark was incarcerated, the Pretrial Services of the United States Probation Office did not conduct a full report but provided a Memorandum that reflected the state sentences that Defendant was serving and estimated a mandatory release date in 2031. [#96]. The Government sought, and Defendant did not contest, detention pending trial. [#87]. This court entered an Order of Detention on January 28, 2020. [#89].

Defendant now invokes 18 U.S.C. § 3142(a)(2) and 28 C.F.R. § 551.109(b) to request release for his grandmother's funeral, under escort by the United States Marshals. [#154]. He represents that his family is willing to prepay all costs associated with the escorted trip. [*Id.* at 2]. In the alternative, Defendant requests permission to attend the funeral by live stream at his current detention facility. [*Id.*]. The Government opposes his release on furlough but does not oppose his participation by live stream. [#157].

## ANALYSIS

First, the court considers whether it has authority under 18 U.S.C. § 3142(a)(2) to permit the furlough of Defendant to attend his grandmother's funeral. Section 3142(a)(2) provides:

> (a)  In General.—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
>
> (2)  released on a condition or combination of conditions under subsection (c) of this section.

This section of the Bail Reform Act refers to the authority of a judicial officer to take certain actions upon the presentation of a defendant. But Defendant cites no authority, and this court found none, to suggest that 18 U.S.C. § 3142(a)(2) provides a basis for a court to revisit its prior detention order or to permit a furlough. Nor does 28 C.F.R. § 551.109 appear to be directed at judicial officers. Instead, it provides that a Warden of a federal Bureau of Prisons facility may not grant a furlough to a pretrial detainee. 28 C.F.R. § 551.109(a).

Instead, defendants may seek temporary release pursuant to 18 U.S.C. § 3142(i), which permits a judicial officer to temporarily release a person in the custody of the United States Marshals upon a finding that such release is necessary for the preparation of the person's defense or for another compelling reason. *United States v. Jackson*, No. 15-40065-01-DDC, 2020 WL 7626539, at *1 (D. Kan. Dec. 22, 2020); *United States v. Moran*, No. CR SAG-19-0585, 2020 WL 1663366, at *2 (D. Md. Apr. 3, 2020) (observing that "3142(i) is reserved for very limited purposes such as funeral attendance or other law enforcement (USMS) supervised activity"). Or defendants may seek temporary revocation of their pretrial detention by complying with 18 U.S.C. § 3142(f), which permits the reopening of a detention hearing if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2). Alternatively, some courts have entertained requests for furlough pursuant to 18 U.S.C. § 3145(b), which provides for a de novo review of a Magistrate Judge's order of detention. *See United States v. Patino*, No. 18-20451, 2018 WL 4181440, at *1 (E.D. Mich. Aug. 31, 2018); *United States v. Route*, No. CR-11-90-RMP, 2012 WL 3578664, at *1 (E.D.

Wash. Aug. 17, 2012).

As a Magistrate Judge, I proceed pursuant to 18 U.S.C. 3142(i), given that Defendant's grandmother's funeral has no material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Mr. Clark as required or the safety of any other person and the community to justify a reopening of his detention hearing.  The statute does not define "other compelling reasons," and courts have observed that the temporary release is only "sparingly" permitted.  *United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. 2020).  But courts have recognized the attendance of a family member's funeral can constitute a compelling reason.  *United States v. Almazan*, No. A-19-CR-0318 LY, 2020 WL 3490380, at *1 (W.D. Tex. June 26, 2020).

Like the *Jackson* court, "[a]ll things being equal, the court would prefer for [Defendant] to attend his [grandmother's] funeral in person," and be permitted to grieve with his loved ones.  *Jackson*, 2020 WL 7626539, at *1.  But given his criminal history; the fact that he is serving at least four concurrent state sentences; and there is a viable alternative to his temporary release, this court declines to find compelling circumstances to justify his furlough to attend his grandmother's funeral.  *See United States v. Navarro,* No. 219CR00056JCMDJA, 2020 WL 5877816, at *2 (D. Nev. Oct. 2, 2020).  This is particularly true when there is an ongoing global pandemic that has caused many families to revert to online memorial services, and the need for an escort poses a significant danger to the United States Marshals who would be exposed not only to Defendant but also to any other attendees at the funeral—for COVID-19 or any other danger.

Accordingly, this court will permit Defendant to participate in the online funeral services, insofar as it is permitted by the detention center.  Otherwise, Defendant's request for furlough is

**DENIED**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1)     Defendant's Motion for Furlough to Attend Grandmothers' [sic] Funeral Pursuant to 28 C.F.R. § 551.109 and 18 U.S.C. § 3142 [#154] is **DENIED IN PART** insofar as Defendant seeks temporary release to attend his grandmother's funeral in person and **GRANTED IN PART** as to permission to participate in the funeral of Defendant's grandmother via live stream, insofar as such participation is permitted by the detention center.

DATED:   January 22, 2021                                  BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge