IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00086-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  BRAINARD CLARK,

    Defendant.
_____

**UNITED STATES' RESPONSE TO DEFENDANT BRAINARD CLARK'S SENTENCING MEMORANDUM AND MOTION FOR VARIANT SENTENCE OR FOR CONCURRENT TIME PURSUANT TO 18 U.S.C. § 3553(a) [ECF # 197]**
_____

    The United States of America (government), by and through Kelly R. Churnet, Assistant United States Attorney, hereby submits this Response to the Defendant's Sentencing Memorandum and Motion for Variant Sentence or for Concurrent Time Pursuant to 18 U.S.C. § 3553(a).  ECF # 197.  The defendant requests a variant sentence or a sentence to run concurrent to the defendant's state sentences.  The government objects to the defendant's request for a variance or a concurrent sentence and requests that the Court impose a low-end sentence of 37 months to run consecutive to any state sentences, followed by a three-year term of supervised release.  Such a sentence is sufficient, but not greater than necessary to achieve the purposes of sentencing established in 18 U.S.C. § 3553(a).

    The parties agree that the advisory guideline range applicable to the defendant in

1

this case is derived from a total offense level of 15 and a criminal history category of V, resulting in a guideline range of 37-46 months.  ECF # 196-1.  Probation has recommended a sentence of 37 months to run consecutive to his state sentences.  *Id*. The defendant has requested a variant sentence of 17 months to run consecutive to his state sentences or, alternatively, a sentence of 37 months, with 20 months to run concurrent to his state sentences.  ECF # 197 pg. 4.

Between July and October of 2017 the defendant was involved in a string of pharmacy burglaries in which he stole over 25,000 pills and caused over $220,000 in damages and losses.  In July 2017, the defendant, along with his two co-defendants, burglarized Hometown Pharmacy and Medical in Trinidad, Colorado.  *See* ECF # 196 ¶ 10.  The defendant and his co-defendants stole 7,430 pills of hydrocodone.  *Id*.  On August 7, 2017, the defendant and his co-defendants burglarized another pharmacy, Capitol Heights Pharmacy, in Denver, Colorado.  *Id. ¶¶* 16-19.  During that burglary, the defendant and his co-defendants stole approximately 7,798 pills.  *Id.*  Then, a few weeks later on August 22, 2017, the defendant and co-defendant Winston burglarized the Medicine Shoppe Pharmacy, in Colorado Springs, Colorado.  *Id. ¶¶* 20-24.  During that burglarly, the defendant and co-defendant Winston stole over 6,000 pills to include Oxycontin, Percocet, and Hydrocodone, among others.  *Id.*  Lastly, in October 2017, the defendant burglarized a Walgreens in Colorado Springs., Colorado.  *Id. ¶¶* 25-28.  During this burglary, the defendant stole approximately 4,481 Oxycodone pills.  *Id.*

The defendant has a significant criminal history.  *See id ¶¶* 58-63.  The defendant has been convicted of five felonies.  *Id*.  This includes convictions for conspiracy to commit burglarly, felony menacing, conspiracy to commit robbery, and multiple drug felonies.  *Id.*

The defendant had a difficult childhood. *See id.* ¶¶ 69-71. The defendant's mother was 15 when she gave birth to the defendant and the defendant never knew his father. *Id.* According to the defendant, he was primarily raised by his grandmother. *Id.* The defendant described growing up in a tough city, and stated that there were times when both money and food were scarce. *Id.* As a child, the defendant was also severely burned in a fire, resulting in hospitalization. *Id.* The defendant has been diagnosed with PTSD relating to this event. *Id.* ¶ 79.

This is the defendant's first federal conviction. The defendant is currently serving state sentences on five separate cases. *Id.* ¶¶ 59-63.

The defendant argues that he should receive a variant sentence or a sentence that runs concurrent to his state cases. ECF # 197. Neither is warranted here. The defendant engaged in the most serious conduct of all the defendants in this case: he was involved in every charged pharmacy burglary and named in each count of the Superseding Indictment. Importantly, the state sentences that the defendant is currently serving involve different, additional conduct than what he is facing here. *See* ECF # 196 ¶¶ 59 (conviction for conspiracy to commit second degree burglary of a Radio Shack); 60 (conviction for felony menacing); 61 (conviction possession of marijuana); 62 (conviction for conspiracy to commit robbery of a bank); 63 (conviction for possession with intent to distribute a controlled substance).

Additionally, a sentence of 37 months would be consistent with the sentences his co-defendants received. Co-defendant Winston was sentenced to 41 months. ECF # 142. And co-defendant Lewis received 50 months, 25 months to run concurrent to his state sentences. ECF # 186.

The defendant points to the fact that co-defendant Lewis received a partially concurrent sentence as justification for a variant or concurrent sentence. ECF # 197 pgs. 2-3. But, as the defendant acknowledges in his motion, Mr. Lewis entered into a plea agreement in the state where it was promised that his future federal sentence would run concurrent to his state sentences.[1]  *Id.*  Mr. Clark did not reach any such agreement and no promises were made to him, either at the state or federal level, that the resolution of his state cases would involve any type of concurrent time on the federal side.

Given this, a sentence of 37 months consecutive to any state sentences followed by a three-year term of supervised release is sufficient but not greater than necessary to punish the defendant for his conduct and to deter him from future criminal conduct. This sentence takes into account defendant's serious criminal history, his involvement in each of the charged offenses, and the serious nature of the conduct he has engaged in.

Dated: December 29, 2021

COLE FINEGAN
United States Attorney

*s/ Kelly R. Churnet*
Kelly R. Churnet
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0406
E-mail:  Kelly.Churnet@usdoj.gov

---

[1] And ultimately, such an agreement was not binding on his federal case. The government's recommendation for partially concurrent time was due to co-defendant Lewis being improperly advised that he would get concurrent time in his federal case, and agreeing to plead in his state cases based on that information.

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT BRAINARD CLARK'S SENTENCING MEMORANDUM AND MOTION FOR VARIANT SENTENCE OR FOR CONCURRENTTIME PURSUANT TO 18 U.S.C. § 3553(a) [ECF # 197]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: *s/ Ian McCandless*
Legal Assistant