**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-CR-00086-REB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**BRAINARD CLARK,**

    Defendant.

---

**DEFENDANT BRAINARD CLARK'S SUPPLEMENTAL SENTENCING MEMORANDUM AND MOTION FOR CONCURRENT TIME PURSUANT TO 18 U.S.C. § 3553(a)**

---

Defendant Brainard Clark, by and through counsel, Peter Hedeen, and pursuant to 18 U.S.C. §3553, respectfully submits this Supplemental Sentencing Memorandum and Motion for Concurrent Time Pursuant to 18 U.S.C. § 3553(a) for the court's consideration ahead of sentencing on March 3, 2022. Defendant Clark hereby incorporates his prior Sentencing Memorandum And Motion For Variant Sentence Or For Concurrent Time Pursuant to 18 U.S.C. § 3553(a) (ECF Doc. 197).

**I.    Introduction**

On November 21, 2019, Mr. Clark was charged in a Superseding Indictment with Conspiracy to Commit Pharmacy Burglary (Count 1) and Pharmacy Burglary and Aiding and Abetting (Counts 2-5).[1] (ECF Doc. 44). He was charged along with co-defendants

---

[1] The original Indictment was filed on February 21, 2019, which charged only co-defendant Damien Lewis. (ECF Doc. 1).

1

Damien Lewis (19-cr-00086-1)[2] and David Winston (19-cr-00086-3)[3]. The charges stemmed from an investigation by law enforcement into 13 pharmacy robberies that occurred in Southern Colorado beginning in 2017. (ECF Doc. 193 at 8).

On September 21, 2021, Mr. Clark pled guilty to Count 1. (ECF Doc. 190). The charges stemmed from two burglaries that occurred on July 28 and October 15, 2017. As part of the plea agreement, the government agreed to give the defendant full credit for acceptance of responsibility, dismiss Counts 2-5, and recommend a sentence at the low end of the guideline range. (ECF Doc. 190 at pp. 1-2). A Presentence Investigation Report (PSIR) was completed, which determined Mr. Clark's Total Offense Level to be 15 with a criminal history category of V. (ECF Doc. 193 at 21). Accordingly, the guideline range for imprisonment was determined to be from 37 to 46 months. (ECF Doc. 193 at 21). The probation office recommended a sentence of 37 months consecutive to Mr. Clark's state sentences. (ECF Doc. 193-1 at 2).[4]

As detailed in the PSIR, Mr. Clark is serving 13 years on Colorado state DOC sentences in cases 15CR132, 15CR2618, 18CR6823, 18CR6804, and 18CR7431, which were committed and filed prior to the filing of the Superseding Indictment in this federal case. (ECF Doc. 193 at 11-15). At the time of plea and sentencing in each state case, Mr. Clark's attorney was unaware of the existence of the federal warrant or the Superseding Indictment despite Mr. Clark's insistence to the contrary, and his attorney

---

[2] On April 21, 2021, Mr. Lewis entered a plea of guilty to Count 2. (ECF Doc. 164). He was sentenced on August 12, 2021, to 50 months imprisonment, with 25 of those months to run concurrent to his sentences in El Paso County Cases 15CR414, 16CR6218, 17CR6154, and 18CR254. (ECF Doc. 186).
[3] On July 22, 2020, Mr. Winston entered a plea of guilty to Count 2. (ECF Doc. 123). He was sentenced on October 29, 2020, to 41 months imprisonment with three years supervised release. (ECF. Doc. 141).
[4] The PSR reflects 0 days of presentence confinement credit (ECF Doc. 193 at 2) even though Mr. Clark has been in federal custody since January 23, 2020. Since Mr. Clark is on a writ from the CDOC, per BOP rules none of the time spent in-custody to date is applied to Mr. Clark's federal sentence unless this sentence runs concurrent to the state cases.

did not incorporate the existence of the federal case into negotiations in the state cases.[5] This is in stark contrast to the efforts by Damien Lewis's attorney in state court, as explained below. In 15CR132, Mr. Clark pled guilty to Conspiracy to Commit Second Degree Burglary for an offense dated August 28, 2014, for which he was sentenced on January 7, 2019, to three years DOC concurrent to 15CR2618. (ECF Doc. 193 at 12-13). In 15CR2618, Mr. Clark pled guilty to Robbery[6] for an offense dated April 30, 2015, for which he was sentenced on January 7, 2019, to eight years in DOC concurrent to 15CR132. (ECF Doc. 193 at 13). In 18CR6804, Mr. Clark pled guilty to Possession of Marijuana Concentrate with Intent 2.5-5lbs for an offense dated September 10, 2018, for which he was sentenced on December 12, 2019, to five years in DOC concurrent to 15CR132 and 15CR2618 and consecutive to 18CR6823 and 18CR7431. (ECF Doc. 193 at 14). In 18CR6823, Mr. Clark pled guilty to Conspiracy to Commit Robbery for an offense dated September 10, 2018, for which he was sentenced on December 12, 2019, to four years in DOC concurrent to 15CR132 and 15CR2618 and consecutive to 18CR6804 and 18CR7431. (ECF Doc. 193 at 15).

Most important for the Court to consider is the last case for which Mr. Clark was sentenced in the state court. In 18CR7431, Mr. Clark pled guilty to Possession with Intent to Distribute Controlled Substance (Sch I-II) for an offense dated between November 14 and December 5, 2018, for which he was sentenced to four years DOC concurrent to 15CR132 and 15CR2618 and consecutive to 18CR6823 and 18CR76804.

---

[5] This oversight by Mr. Clark's state attorney was significant, as illustrated by the result in co-defendant Damien Lewis's state and federal cases, explained herein. Mr. Clark has no recourse for the failure by his state attorney and cannot go back to state court to request concurrent time. The only way to achieve a result that is equitable in light of the sentences served by co-defendant Damien Lewis is to sentence Mr. Clark to concurrent time or a variant sentence in this case.

[6] The PSR lists the charge of conviction as Felony Menacing; court records show the charge of Felony Menacing was dismissed when the defendant pled guilty to Robbery, a class four felony.

(ECF Doc. 193 at 16). All of the contraband recovered in 18CR7431 were obtained during the Burglary offenses charged in this case, as detailed in paragraph 20 of the PSIR. Attached hereto as Exhibit A is the Arrest Warrant and attached Affidavit for case 18 CR 7431, on page 3 of the Affidavit there is a description and count of the pills obtained that form the basis for the conviction in 18 CR 7431, and those pills are clearly a portion of the ones that were recovered and detailed in paragraph 20 of the PSIR. The execution of the search warrant in 18 CR 7431 occurred after the burglaries charged in this case. In fact, when Mr. Clark was arrested the officers told him that they were going to charge him in state court for the drugs, and in federal court for the burglaries.

Combined, Mr. Clark's DOC parole eligibility date is August 23, 2023, with a mandatory release date on March 10, 2031. (ECF Doc. 12-16).[7]

For the reasons set forth below, Mr. Clark respectfully amends his prior request made in ECF Doc. 197, which was for either a variant sentence of 17 months consecutive to his Colorado Department of Corrections (DOC) Sentences in 15CR132, 15CR2618, 18CR6823, 18CR6804, and 18CR7431, or a sentence of 37 months with 20 months concurrent to his DOC sentences, and instead urges the Court to impose a sentence of 37 months concurrent to his DOC sentences. He submits that such a sentence is sufficient, but not greater than necessary to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a), particularly in light of the sentence imposed in Mr. Lewis's case.

---

[7] *See also* DOC Inmate Locator: http://www.doc.state.co.us/oss/ (last checked December 16, 2021).

**II.     Argument**

In this case, Mr. Clark should be sentenced to a concurrent term of imprisonment to his state cases because the drugs that were stolen in the burglaries in this case were subsequently charged in 18 CR 7431 in state court, and are therefore Relevant Conduct.

United States Sentencing Guidelines (USSG) Section 5G1.3 states:

(b) if subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct the instant offense of conviction under the provisions of subsections (a) (1), (a) (2), or (a) (3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

…

(2)  the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

Relevant Conduct is defined in USSG § 1B1.3(a)(1)(A) as "all acts and omissions committed, aided, abetted, Counsel, commanded, induced, procured, or willfully caused by the defendant;". Clearly, the possession of narcotics recovered from Mr. Clark's apartment and charged in 18 CR 7431 in El Paso County state court are the proceeds of the burglaries in this case. As such, the possession of the narcotics recovered in 18CR7431 qualify as relevant conduct under USSG § 1B1.3(a)(1),  and USSG § 5G1.3 (b)(2) applies to this case and compels a concurrent sentence.

USSG 5G1.3 (b) considerations support a concurrent sentence. Mr. Clark has spent the past 1,182 consecutive days in-custody since being sentenced on December

12, 2019.[8] He will remain imprisoned on his state DOC sentences through at least his next parole eligibility date of August 23, 2023 and would serve additional time under either structure suggested by him in this Motion. If this court fashions a sentence of 37 months concurrent imprisonment, he may ultimately serve approximately 5 years in custody on the low end of the spectrum, but likely at least 6 years.[9] Mr. Clark submits that 6 years in custody, is a substantial sentence for the crimes he committed as charged in state and federal court.

Mr. Clark respectfully submits that full consideration of all the factors outlined in USSG § 5G1.3 (b)(2), including the fundamental precept that the sentence be sufficient but not greater than necessary to serve the purpose of punishment, warrant a concurrent sentence. This is particularly true in light of the sentence ordered in the case of co-defendant Damien Lewis.

Mr. Lewis received the benefit of his attorney knowing about these pending federal charges, and he was able to work out an agreement whereby Mr. Lewis would receive a sentence concurrent to his federal sentence through postconviction relief since a sentence had not been handed down in this federal case when the state sentence was imposed. Even with that benefit, the Government in this case agreed to recommend that 50% of Mr. Lewis's federal sentence be concurrent to his state sentences in case a concurrent sentence was not granted by the state court.

---

[8] Mr. Clark has been imprisoned consistently in state custody since November 26, 2018. (ECF Doc. 193 at 12-13).
[9] This estimate is based on an estimate of release in August, 2023. However, this assumes Mr. Clark will be paroled at his first parole hearing which is unlikely considering his release date will be pushed back substantially since he has not been accruing good time during the 16 months he has been housed at the Douglas County Detention Center and not in a DOC facility.

It is important to note that contrary to Mr. Clark, co-defendant Lewis's state offenses involved serious acts of violence which were not related to or relevant conduct in the burglaries charged in this case, and Mr. Lewis's criminal history score was greater at a category VI. (ECF Doc. 182 at 2). Nonetheless, he was sentenced to 50 months with 25 months concurrent to his state cases. Then, on January 26, 2000 22 Mr. Lewis's state court sentences were reduced from 22.5 years to 19.3 years based on the agreement made by his attorney that Mr. Clark's attorney failed to procure. Exhibit B attached to this Memorandum show excerpts of the court minute orders from the state case 17 CR 6154 of Mr. Lewis.

Not only did Mr. Lewis receive the benefit of 50% of his sentence concurrent to a state sentence from this Court, the state court reduced his sentence by 3.2 years, even though he only had 25 months of the 50 months to be served consecutively to his state cases. Therefore Mr. Lewis received an additional 13.5 months off of his sentence based on the government recommending, and the Court imposing 25 months of his 50 months concurrent. In light of that, and considering the other factors outlined in this Motion, a sentence of 37 months concurrent is just and appropriate. For this Court to sentence Mr. Clark to anything other than a concurrent sentence would create a disparate sentence between Mr. Lewis and Mr. Clark .

### III. Conclusion

Mr. Clark incorporates all the arguments made in ECF Doc. 197, but amends his request and submits that the application of USSG § 5G1.3 (b)(2), or in the alternative USSG § 5G1.3 (d) calls for a 37 month sentence concurrent to his state court cases. The objectives of Title 18 U.S.C. 3553(a) have been met, and a sentence of 37 months

concurrent to his state DOC sentences plus supervised release will adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. *See,* Title 18, U.S.C., 3553(a)(2)(i). In addition, such a sentence will adequately deter criminal conduct, and protect the public from further crimes of the defendant. *Id.* at (a)(2)(ii), (iii).

**WHEREFORE**, considering all the relevant factors enumerated by 18 U.S.C. §3553(a), Mr. Clark respectfully urges the Court to impose a sentence of 37 months concurrent to his Colorado Department of Corrections (DOC) Sentences in 15CR132, 15CR2618, 18CR6823, 18CR6804, and 18CR7431.

Dated this Thursday, February 17, 2022.

Respectfully submitted,

\_\_S/Peter Hedeen\_\_\_
Peter Hedeen
2373 Central Park Blvd.
Suite 100
Denver, CO 80238
720-979-0927
303-803-1501  Fax

## CERTIFICATE OF SERVICE

  I hereby certify that on Thursday, February 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the court's ECF system which will send notification of such filing to all counsel of record and the following e-mail address:

Kelly Churnet
Kelly.Churnet@usdoj.gov


  And, I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Mr. Brainard Clark (via US Mail)


        \_\_S/Peter Hedeen\_\_\_
        Peter Hedeen
        2373 Central Park Blvd.
        Suite 100
        Denver, CO 80238
        720-979-0927
        303-803-1501  Fax